Commonwealth *v.* Ford, Appellant.

Submitted March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

On November 1, 1969, a bread truck driver was robbed while attempting to make a collection. At a suppression hearing the victim testified that one week later police officers came to his house and told him that they had a suspect who fitted the description of the robber. The victim was taken to the police station and told to wait on the second floor. While he was looking out a window over the parking lot, he saw a police wagon drive up. Appellant was taken from the wagon in custody, and at this time was spontaneously identified by the victim. Appellant was then taken inside the station where he was placed behind a desk standing next to a police officer. The victim again identified him as the robber.

Appellant's motion to suppress the out-of-court identification was denied and the witness testified as to this identification at trial. Initially, appellant contends that the confrontation at the police station must be suppressed because it was conducted in an unnecessarily suggestive manner in the absence of counsel.

*United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926 (1967), held that "a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup." *Gilbert v. California*, 388 U.S. 263, 272, 87 S. Ct. 1951, 1956 (1967). This Court in *Commonwealth v. Lee*, 215 Pa. Superior Ct. 240, 257 A. 2d 326 (1969), indicated that the *Wade* requirements apply to police station showups prior to indictment.

The denial of suppression by the lower court seems to imply that there was no need for counsel because there was no lineup. However, the one-to-one confrontations in this case resulted from either exceedingly careless police work or an "intentional accident". This Court cannot condone identification procedures which involve "accidently" parading the suspect past witnesses on the way to a formal lineup. The proper way to prevent such accidents is to sedulously avoid the opportunity for them to occur, which can be insured by the early provision of counsel. Since appellant was presented to an identifying witness when counsel was required but not present, the out-of-court identifications should have been suppressed.

At the suppression hearing the Commonwealth, pursuant to *Wade*, attempted "to establish by clear and convincing evidence that the in-court identifications

were based upon observations of the suspect other than the lineup identification." *Id.* at 240, 87 S. Ct. at 1939. The victim testified that he had seen his assailant following him a number of times in the two weeks prior to the robbery. On one occasion he saw the robber face-to-face when he tried to open the door of the bread truck while the driver was inside. The robbery occurred in the afternoon and the robber's face was only a few inches away. After the robbery the victim reported he had seen the robber on the street, but he escaped. When asked to take himself back to the time of the robbery in his mind's eye, the victim testified that he could identify appellant from the robbery alone.

Although the hearing judge had ruled the out-of-court identifications admissible, he properly continued to determine if the in-court identification was tainted, and concluded that "[t]he identification by the prosecuting witness is predicated upon opportunities on prior occasions to see the defendant, having seen him on two or three prior identifications, . . ." Accordingly, he allowed the witness to identify appellant at trial.

The standards for determining whether an "independent identification" has been established are both subjective and unclear. I believe that a hearing judge should require an extensive and exhaustive inquiry into, at least, the opportunity to observe the suspect at the scene of the crime, the detail of the description furnished the police, and whether the witness had any prior contacts with the suspect. These factors testing the strength of the identification from the crime should be balanced against the degree to which the suppressed identification was conducive to an irreparable mistake. Cf. *United States ex rel. Geralds v. Deegan,* 292 F. Supp. 968 (S.D.N.Y. 1968). "The court must carefully consider all possible evidence of actual unreliability in determining whether the requirements of due process

have been met." *Russell v. United States,* 408 F. 2d 1280, 1285 (D.C. Cir. 1969).

A mere assertion by the witness that he remembers the defendant from the crime is not sufficient. *United States v. Trivette,* 284 F. Supp. 720 (D.C.D.C. 1968); *United States v. Washington,* 292 F. Supp. 284 (D.C. D.C. 1968). Although a witness' statement as to the independence of his in-court identification is an issue of credibility for the hearing judge, his assertion "is to be weighed warily and in the realization that the most assertive witness is not invariably the most reliable one." *Clemons v. United States,* 408 F. 2d 1230, 1242 (D.C. Cir. 1968). Cf. *United States v. Broadhead,* 413 F. 2d 1351 (7th Cir. 1969).

In the instant case the witness' assertion that he remembered the robber from the scene of the crime was supported by his ample opportunity for prior observation of the defendant. He gave the police a relatively detailed description, and the identification at the station appears to have been spontaneous despite the suggestibility. "Thus, though suggestion flawed the confrontation, the record refutes the notion of susceptible victims dutifully echoing a crystalized mistaken identification". *United States ex rel. Geralds v. Deegan,* supra, at 974.

I believe that the Commonwealth has established an independent identification and therefore concur in affirmance of the judgment of sentence.

MONTGOMERY, J., joins in this concurring opinion.