248

Commonwealth *v.* Brown, Appellant.

Submitted June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Andrea C. Levin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant and a codefendant were charged with burglary and aggravated robbery. At a suppression hearing appellant asserted that identifications of him by Geddie Smith and James Bostick (the victims) were illegal because they were conducted in a suggestive manner and without appellant's counsel being present.

Testimony by the victims indicated that at approximately 2:00 a.m. on the morning of April 1, 1970, appellant and his codefendant broke into Smith's room and robbed him. Smith testified that he saw appellant for only a brief period of time before he was told to bend over and keep his head down. The robbers then directed Smith to escort them to Bostick's room and convince Bostick to open his door. The robbers and Smith entered Bostick's room and Smith was told to sit down and look at the floor. Appellant took some money from under Bostick's pillow and then attempted to threaten him into disclosing the location of additional funds. When this proved unsuccessful, the robbers told both victims to lie on the floor, covered them with a bedspread and fled.

A few minutes later Bostick notified the police of the robbery. Smith was subsequently taken to the police station, where he remained for approximately ten minutes. Smith was then driven to a street corner a few blocks from his residence where appellant and his codefendant were displayed to him while in the company of numerous police officers. He identified both men as the robbers.

Appellant and codefendant were transported to the police station. Smith also returned to the station and Bostick joined him there. In the absence of counsel appellant and his codefendant were each presented to the victims, who identified them.

Appellant's motion to suppress the identifications was denied. He was later found guilty of burglary and

aggravated robbery by a judge sitting without a jury. From the judgment of sentence this appeal followed.

The Commonwealth argues that appellant's identification in the street by Smith was a prompt on-the-scene confrontation which did not violate due process. See *Commonwealth v. Hall*, 217 Pa. Superior Ct. 218, 269 A. 2d 352 (1970); *United States v. Sanchez*, 422 F. 2d 1198 (2d Cir. 1970); *Russell v. United States*, 408 F. 2d 1280 (D.C. Cir. 1969). The basic rationale advanced for the holdings of these cases is that "[t]he closer the confrontation to the time of the crime, the greater is the likelihood that the victim or witness can recall the image of the criminal. Similarly, the less the environment of the criminal episode has changed, the fewer the extraneous factors of suggestion that adhere to any confrontation between victim or witness and suspect." *Commonwealth v. Hall*, supra at 226, 269 A. 2d at 356.

In the instant case the confrontation on the street occurred within approximately an hour of the crime. However, the "environment of the criminal episode" had changed from a lighted room to a dark street corner. Appellant had previously been placed under arrest, and Smith was already available at the police station for a proper lineup with counsel. In these circumstances, I believe that Smith's street corner identification should have been suppressed as violative of *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926 (1967).

The Commonwealth concedes that the station house identifications in the absence of counsel should not have been admitted at trial in light of *Hall*. However, the Commonwealth argues as required by *Wade*, that it has established by clear and convincing evidence that the in-court identification was based upon observations of the suspect other than the improper out-of-court identification. On this issue both appellant and the Com-

monwealth cite numerous instances from the notes of testimony of the suppression hearing which tend to support their respective views that the in-court identification was or was not tainted by the illegal confrontations. A determination of taint is a difficult and often complex matter which should be decided only after an extensive hearing on that precise issue. See, *Commonwealth v. Ford,* 220 Pa. Superior Ct. 240, 281 A. 2d 757 (1971). Unfortunately, the suppression hearing judge ruled that all the out-of-court identifications were proper and did not consider the independence of the in-court identification. I believe that in a situation such as this the hearing judge should continue on to determine whether the in-court identification was independent. In this way further hearings will be avoided.

In the instant case I do not believe that the record available to this Court is adequate to determine whether the in-court identification was based upon observations of the suspect other than the improper out-of-court identification. Accordingly, I would vacate the judgment of sentence and remand the record for a hearing consistent with this opinion.

SPAULDING, J., joins in this opinion.